## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Bradford Caldwell, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION FOR RELIEF FROM ORDER** |
| vs. | ) | **REVERSING DISMISSAL** |
| | ) | |
| Arlo G. Lott Trucking, | ) | |
| Colin Dale Kennedy, and | ) | |
| Archer-Daniels-Midland Company, | ) | Case No. 1:21-cv-107 |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Archer-Daniels-Midland Company's ("ADM"), motion for relief from a state court order reversing the dismissal of ADM filed on June 15, 2021. See Doc. No. 17. The Plaintiff, Bradford Caldwell, filed a response in opposition to the motion on July 6, 2021. See Doc. No. 24. ADM filed a reply brief on July 20, 2021. See Doc. No. 25. For the reasons set forth below, the motion is granted.

I.      **BACKGROUND**

This is a personal injury action originating in Ward County District Court, North Dakota, which was removed to federal court on May 12, 2021. See Doc. No. 1. A summons and complaint were filed on May 12, 2020. See Doc. Nos. 1-2, pp. 5-6. An affidavit of service was filed on May 12, 2020, indicating the summons and complaint were served upon Defendants Colin Kennedy and Arlo G. Trucking, Inc. ("Arlo Trucking") via certified mail. See Doc. No. 1-2, pp. 10-11. An amended complaint adding ADM as a Defendant was filed on May 12, 2020. See Doc. No. 1-2, p. 13. Service documents filed on May 12, 2020, and May 26, 2020, reveal Kennedy and Arlo Trucking were served the amended complaint through their attorney of record. See Doc. No. 1-2,

p. 18.  On May 26, 2020, the Plaintiff served the amended summons and amended complaint on the registered agent for ADM, CT Corporation System, in Bismarck, North Dakota via first class mail. See Doc. No. 1-2, p. 32.  On May 28, 2020, CT Corporation sent notice to ADM regarding "Process Served in North Dakota." See Doc. No. 1-3, p. 58.  The notice indicated the documents were served "by certified mail on 05/28/2020 postmarked on 05/26/2020." See Doc. No. 1-3, p. 58.  CT Corporation also included the envelope the documents came in, which includes a sticker on the envelope noting "certified mail." See Doc. No. 1-3, p. 60.  On May 27, 2020, Kennedy and Arlo Trucking filed answers to the amended complaint.  See Doc. No. 1-2, p. 20.

On June 4, 2020, counsel for ADM emailed counsel for the Plaintiff to discuss an extension of time for ADM to file an answer to the amended complaint.  See Doc. No. 27-1.  On June 5, 2020, counsel for ADM again emailed Plaintiff's counsel to confirm the agreement between the parties that ADM's deadline to file an answer to the amended complaint would be July 3, 2020.  See Doc. No. 27-1.  The email exchange also discussed the postponement of the deposition of Defendant Colin Kennedy. See Doc. No. 27-1.

On June 24, 2020, the Plaintiff filed a "Stipulation of Dismissal of Defendant Archer-Daniels-Midland Company" signed by counsel for the Plaintiff and counsel for Defendants Kennedy and Arlo Trucking.  See Doc. No. 1-2, p. 38.  The stipulation provided for dismissal with prejudice. See Doc. No. 1-2, p. 38.

The affidavit of service filed with the stipulation of dismissal stated it was served upon counsel for Arlo Trucking and Kennedy through the State of North Dakota's electronic filing system and was emailed to counsel for ADM at his work email address. See Doc. No. 1-2, p. 41.  On June 25, 2020, North Dakota District Judge Richard Hagar signed an order of dismissal as to Defendant

Archer-Daniel-Midland Company, dismissing ADM from the case with prejudice. See Doc. No. 1-2, p. 40.

On January 20, 2021, a substitution of counsel notice was filed substituting attorney Mark V. Larson as counsel of record for the Plaintiff. See Doc. No. 1-2, p. 62. On February 4, 2021, original counsel for the Plaintiff, Reed Soderstrom, was allowed to withdraw. See Doc. No. 1-2, p. 60. On February 22, 2021, the Plaintiff filed a Rule 60(b) "Motion for Reversal of Order Dismissing Archer-Daniels-Midland Company" in which the Plaintiff contended the dismissal of ADM with prejudice was void because ADM had not been served and the Court lacked personal jurisdiction over ADM. See Doc. No. 1-3, pp. 2-5. The motion was served on Kennedy and Arlo Trucking but was not served on ADM. See Doc. No. 1-3, p. 7. The certificate of service also stated no "ECF-Exempt Persons" were served with the motion. See Doc. No. 1-3, p. 7. On March 17, 2021, the state court granted the Plaintiff's motion for reversal although it provided no reason for doing so other than having determined that "good cause exists to grant the motion." See Doc. No. 1-3, p. 6.

On April 1, 2021, counsel for the Plaintiff filed a motion to amend the complaint to add additional parties, seeking to add ADM as a defendant on a negligence theory. See Doc. No. 1-3, p. 11. The motion to amend was served on Arlo Trucking and Kennedy but not on ADM. See Doc. No. 1-3, p. 22. On April 16, 2021, Defendants Arlo Trucking and Kennedy filed a response to the motion to amend, indicating they had no objection to the motion. See Doc. No. 1-3, p. 23. Defendants Arlo Trucking and Kennedy served their response on the Plaintiff electronically and on ADM via first class mail. See Doc. No. 1-3, p. 24. On April 19, 2021, the state court granted the Plaintiff's motion to amend the complaint to add ADM as a defendant to assert a claim for

3

negligence.  <u>See</u> Doc. No. 1-3, p. 21.  Thereafter, a summons and second amended complaint were filed and served on ADM.  <u>See</u>  Doc. Nos. 27-35.

On May 6, 2021, ADM filed a motion for relief from the order reversing dismissal of ADM. <u>See</u> Doc. No. 1-3, p. 43.  However, on May 12, 2021, ADM removed the case to federal court before the state court had ruled on ADM's motion.  <u>See</u> Doc. No. 1.  On June 15, 2021, ADM refiled the instant motion for relief from the order reversing dismissal of ADM in this federal case.  <u>See</u> Doc. No. 17.  The motion has been fully briefed and is ripe for consideration.


## II.   <u>LEGAL DISCUSSION</u>

ADM seeks relief from the state court's order reversing the dismissal with prejudice of ADM pursuant to Rule 41.  The current motion is filed pursuant to Rule 60(b)(1), 60(b)(3), and 60(b)(6) of the Federal Rules of Civil Procedure.  ADM contends it should be granted Rule 60(b) relief because it was denied the opportunity to be heard on the Plaintiff's Rule 60(b)(4) motion in state court, the reversal was based upon a mistake of fact, and the Plaintiff offered no legal basis for the reversal of ADM's dismissal.

This matter having been removed to federal court, any orders issued by the originating state court remain in effect but "federal rather than state law governs the future course of proceedings." <u>Palmisano v. Allina Health Sys., Inc.</u>, 190 F.3d 881, 885 (8th Cir. 1999).  Whenever an action is removed to federal court, "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.  "[A] federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal." <u>Maseda v. Honda Motor</u>

Co., 861 F.2d 1248, 1252 (11th Cir. 1988). After removal, state court orders remain binding but subject to reconsideration in federal court. Hayes-Broman v. J.P. Morgan Chase Bank, N.A., 724 F. Supp. 2d 1003, 1013 (D. Minn. 2010). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. p. 54(b).

Rule 60(b) provides as follows:

(b) Grounds for Relief From a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)     the judgment is void;

(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)     any other reason that justifies relief.

Fed. R. Civ. P. 60(b). North Dakota's Rule 60(b) mirrors the federal counterpart and provides that a court may grant relief from a prior order on the same grounds. Compare N.D. R. Civ. P. 60(b) with Fed. R. Civ. P. 60(b). Because North Dakota's Rule 60 was adopted from the Federal Rules of Civil Procedure, North Dakota courts are guided by, and give great deference to, federal case law

interpreting the federal rule when they construe North Dakota's Rule 60. <u>North Shore, Inc. v. Wakefield</u>, 542 N.W.2d 725, 727 (N.D. 1996).

Under Federal Rule of Civil Procedure 60(b)(1) the Court may grant relief from a judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  The ignorance or carelessness of an attorney is not generally cognizable.  <u>Cline v. Hoogland</u>, 518 F.2d 776, 778 (8th Cir. 1975).  Under Federal Rule of Civil Procedure 60(b)(3) the Court may grant relief from a judgment on the grounds of fraud.  "To prevail . . . the movant must show, with clear and convincing evidence, that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting its case." <u>United States v. Metropolitan St. Louis Sewer Dist.</u>, 440 F.3d 930, 935 (8th Cir. 2006) (internal citations omitted).

Federal Rule of Civil Procedure 60(b)(6) allows the Court to set aside a judgment "when the movant shows any . . . reason justifying relief rom the operation of the judgment other than the more specific circumstances set out in Rules 60(b)(1)-(5)." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 529 (2005) (internal citations omitted).  Rule 60(b)(6) allows the Court to vacate judgments "whenever such action is appropriate to accomplish justice . . . [but] should only be applied in extraordinary circumstances." <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 864 (1988).  These "extraordinary circumstances" must have "denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." <u>Murphy v. Missouri Dept. Of Corrections</u>, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting <u>Harley v. Zoesch</u>, 413 F.3d 866, 871 (8th Cir. 2005)).

The Court has carefully reviewed ADM's motion, the parties' briefs, and the entire record. The Court concludes the motion must be granted as the reversal granted by the state court was based

upon a misrepresentation as to whether ADM had been served and a lack of due process.  In the Plaintiff's underlying Rule 60(b)(4) motion, the Plaintiff's contention was the judgment was void because ADM was never served with the summons and complaint, and thus the court lacked personal jurisdiction over ADM and could not dismiss ADM.  See Doc. No. 1-3, p. 4.  The record reveals this contention is devoid of merit.  In addition, the Plaintiff failed to serve its Rule 60(b)(4) motion on ADM.

### A.   SERVICE OF THE AMENDED COMPLAINT

Despite the Plaintiff's contention, ADM was served with the amended summons and amended complaint in state court.  The record reflects the amended summons and complaint were mailed to ADM's registered agent on May 26, 2020, and received on May 28, 2020.  See Doc. Nos. 1-2, p. 32 and 1-3, pp. 56-61.  The documents were forwarded to ADM the same day they were received.  After it was served, counsel for ADM contacted counsel for the Plaintiff and requested an extension of time to answer until July 3, 2020.  See Doc. No. 27-1.  ADM was dismissed from the case before the answer was due.  See Doc. No. 1-2, pp. 38 and 40.  ADM has never disputed that it was properly served.  Thus, it was factually incorrect for the Plaintiff to state that "no service was ever attempted on Archer-Daniels-Midland."  See Doc. No. 1-3, p. 4.  The Plaintiff's contention the state court record does not contain any proof of service is of no consequence.  The return receipt would be in the possession of counsel for the Plaintiff at the time service was effected--Reed Soderstrom.  The failure to file the proof of service is solely that of the Plaintiff.  ADM does not dispute service and "the written admission of the defendant" is sufficient to establish proof of service.  See N.D. R. Civ. P. 4(i)(5).

7

Even if ADM was not properly served, the dismissal was effective when it was filed and did not require any action from the Court.  The dismissal of a party is governed by Rule 41 which provides that the plaintiff may voluntarily dismiss a defendant without court a order by filing a notice of dismissal before the opposing party has filed an answer or motion for summary judgment, or by a stipulation signed by all parties who have appeared.  See N.D. R. Civ. P. 41(a)(1); Fed. R. Civ. P. 41(a)(1).  In this case, a stipulation was filed before ADM had appeared, or filed an answer or motion for summary judgment.  Although the stipulation does not reference Rule 41, such a voluntary stipulation of dismissal can only be accomplished by Rule 41(a)(1)(a)(ii).  It is black letter law that a voluntary dismissal is effective when it is filed, does not require judicial approval, and terminates the court's jurisdiction.  9 Wright & Miller, Federal Practice and Procedure § 2363 (2020); Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1080 (8th Cir. 2017) ("dismissal is effective upon filing, with no court action required").  A Rule 41(a)(1) dismissal "terminates the action and the court's jurisdiction." Id.; In re Matthews, 395 F.3d 477, 480 (4th Cir. 2005) ("after an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits"); Foss v. Fed. Intermediate Credit Bank of St. Paul, 808 F.2d 657, 660 (8th Cir. 1986) (the court was without jurisdiction to pass upon the merits of the case after plaintiff voluntarily dismissed case).  It is the Plaintiff who voluntarily dismissed his case against ADM with prejudice, not the Court.  To suggest the Court was without jurisdiction to dismiss ADM is a *non sequitur.*

While Rule 60(b) relief remains available to a party that stipulates to a Rule 41(a)(1) dismissal of a party, such relief is only permissible in the "most exceptional of cases" and after carrying the heavy burden of persuading the court that such relief is warranted.  White v. Nat. Football League, 756 F.3d 585, 595-96 (8th Cir. 2014).  While current counsel for the Plaintiff may

disagree with the strategy chosen by his predecessor, that is not grounds for Rule 60(b) relief.  Since the entire premise of the underlying motion is invalid, and the stipulation of dismissal was clearly not void, the Court concludes relief under Rule 60(b)(1) and (b)(3) is warranted.

### B.   DUE PROCESS

It is undisputed the Plaintiff failed to serve its Rule 60(b) motion for reversal of the order dismissing ADM on ADM.  This lack of service is a violation of Rule 5(a) of the North Dakota Rules of Civil Procedure which requires all motions to be served on every party.  The lack of notice is also a due process violation.  "[I]n our system of justice the opportunity to be heard is a litigant's most precious right and should be sparingly denied." Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977); Nelson v. Adams USA, Inc., 529 U.S. 460, 466 (2000) (noting the fundamental requisite of due process is the opportunity to be heard).  As succinctly stated by the United States Supreme Court, "[a]n elementary and fundamental requirement of due process in any  proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950); see McWethy v. McWethy, 366 N.W.2d 796, 799 (N.D. 1985) (noting the procedure for obtaining relief from a judgment is by notice, motion, and hearing pursuant to Rule 60(b)); EOG Res., Inc. v. Badlands Power Fuels, LLC, No. 4:08-CV-038, 2009 WL 3757384, at *1 (D.N.D. Nov. 9, 2009) (recognizing Rule 60(b)(6) applies to reverse the grant of summary judgment where the opposing party's right to be heard on its own motion for summary judgment was denied).

In this case, ADM was a named party to the lawsuit and was never in default. Therefore, service was required by Rule 5(a). Based upon the lack of service and the ensuing due process violation, the Court finds that Rule 60(b)(6) relief is warranted.

### III. <u>CONCLUSION</u>

For the reasons set forth above, ADM's motion for relief from the state court order reversing dismissal of ADM (Doc. No. 17) is **GRANTED**. The dismissal ordered by the state court on June 25, 2020, is reinstated, and the Plaintiff's claims against ADM are dismissed.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2021.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court